FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By Carrie Ramirez at 11:49 am, Mar 16, 2009

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 7 Case |
| JACK M. WILLIAMSON | ) | |
| a/k/a Jack M. Williamson, Jr. | ) | Number <u>07-60416</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| THE PEOPLES BANK OF LYONS | ) | |
| | ) | |
| *Movant* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JACK M. WILLIAMSON | ) | |
| a/k/a Jack M. Williamson, Jr. | ) | |
| | ) | |
| *Respondent* | ) | |

## MEMORANDUM AND ORDER
## ON MOTION FOR RELIEF FROM STAY

This case began as a voluntary Chapter 12 filed on July 26, 2007. On August 30, 2007, People's Bank ("Bank"), the major secured lender to Debtor, sought relief from the automatic stay to enforce state-created remedies on a portion of the collateral consisting of farm equipment, vehicles, and antique automobiles. On March 24, 2008, this Court granted relief from stay as to the non-antique automobiles, vehicles, tractors and equipment identified through the testimony of Bank's expert as not being necessary to an effective reorganization.

AO 72A
(Rev. 8/82)

The Order also granted relief as to Debtor's antique cars but placed certain conditions on their disposal. On September 3, 2008, Debtor's case was converted to a Chapter 7. On October 2, 2008, the Chapter 7 Trustee abandoned all of Bank's collateral. On January 22, 2009, Bank again sought relief from the automatic stay on the remainder of the collateral and also sought to remove the preconditions placed on the disposal of the antique automobiles by this Court's previous order. After a hearing conducted on February 13, 2009, I enter the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Debtor is a cotton farmer in Lyons, Georgia, and has been farming for twenty-nine years. Bank made several loans to Debtor over the last three years. See Motion for Relief from Stay, Dckt.No. 253, Exhibit B. The current balance is approximately $386,311.00 and is secured by the 2006 cotton crop, his antique cars, farming equipment and attachments, trucks, tractors, and an assignment of his life insurance policy. Id., pg. 2-3. The parties have stipulated that there is no equity in the collateral.

On March 24, 2008, this Court granted relief only as to some of the collateral since Debtor testified that he was planning on farming approximately 1300 acres of cotton in a "no-till" operation in 2008 and since Bank's expert testified as to what equipment would be necessary in such a operation. This Court also granted relief as to Debtor's antique automobiles and allowed Bank to repossess and hold the vehicles in

safekeeping, but this Court stated final relief would be granted "only after consultation between the Court and counsel for the parties, and if necessary further hearing." Order, Dckt.No. 110, pgs. 11-14.

On September 3, 2008, Debtor's Chapter 12 was converted to Chapter 7 under 11 U.S.C. § 1208(d) because he engaged in various acts of misconduct while under bankruptcy protection. Order, Dckt.No. 182. After conversion, the Chapter 7 Trustee abandoned its interest in all of Bank's collateral. Abandonment, Dckt.No. 204 (October 2, 2008). Shortly thereafter, Bank again asked for relief from the automatic stay as to the rest of the collateral and also asked for this Court to "remove any preconditions for the disposition" of the antique automobiles. Motion, Dckt.No. 253 (January 22, 2009).

## CONCLUSIONS OF LAW

**1. Relief from the automatic stay under 11 U.S.C. § 362(d)(1)**

Relief from the automatic stay is available "for cause." 11 U.S.C. § 362(d)(1). "[T]he burden of proof on a motion for relief from stay under § 362(d)(1) shifts from movant's initial showing of 'cause' to the party opposing the motion." "Section 362(d)(1) does not define 'cause,' and the courts are left to determine what constitutes cause based on the totality of the circumstances." In re George, 315 B.R. 624, 628 (Bankr.S.D.Ga. 2004)(Davis, J.). "'Cause' to grant relief may be found upon a showing that debtor is not making the payments due on the [secured property] as they become due, failing to pay taxes

and the like." Bargas v. Rice (In re Rice), 82 B.R. 623, 627 (Bankr.S.D.Ga. 1987)(Davis, J.). Since his filing, Debtor has made no payments and has not proposed to make payments to Bank until the end of this year. This is sufficient "cause" to warrant relief from the automatic stay under § 362(d)(1). See In re J& M Salupo Dev. Co., 388 B.R. 809, 812 (Bankr.N.D.Ohio 2008).

### 2. Relief from the automatic stay under 11 U.S.C. § 362(d)(2)

Since the parties stipulated that there is no equity in the collateral, the sole issue for this Court is whether the collateral is necessary for an effective reorganization pursuant to 11 U.S.C. § 362(d)(2)(B). Bank argues that since Debtor is in a liquidation and since the Trustee has abandoned all interest in the collateral, this collateral is no longer necessary for an effective reorganization, thus it is entitled to relief from the automatic stay under § 362(d)(2).

Debtor has the burden of proving that the property at issue is necessary to an effective reorganization. See 11 U.S.C. § 362(g). In the instant case, the record is void of any allegation from Debtor that the property at issue is necessary to any reorganization.[1]

---

[1] Debtor argues that this collateral is necessary for his livelihood as a farmer and is needed for his "fresh start" after bankruptcy. This Court is not aware of nor has Debtor cited any Chapter 7 cases that found this argument satisfies Debtor's burden in showing the secured property is necessary to a reorganization. This Court will not be the first because the plain meaning of "reorganization" contemplates a confirmed Chapter 13, 12 or 11 plan.

In addition, Debtor cannot keep the property that is collateral for Bank's loan. Debtor does not have the money to redeem these items and will not be able to make any payments to Bank until the end of this year at the earliest, and even that payment is speculative at best. "Allowing a debtor to retain property without reaffirming or redeeming gives the debtor not a 'fresh start' but a 'head start' since the debtor effectively converts his secured

Because Debtor is currently under Chapter 7, "it is axiomatic that [the equipment and vehicles] are not needed for an effective reorganization." In re Moarcano, 288 B.R. 324, 330 (Bankr.S.D.N.Y. 2003); *see also* In re Hersperger, 2008 WL 2201455, at * 2 (W.D.Pa. March 14, 2008)("Because a Chapter 7 proceeding does not involve a reorganization, it is generally presumed that the second condition under 11 U.S.C. § 362(d)(2)(B) is met in a Chapter 7 proceeding."); In re J & M Salupo Development Co., 388 B.R. at 812-13; In re Winer, slip op., 2008 WL 2074091, at *4 (Bankr.E.D.N.Y. May 13, 2008); In re Lyons, 19 B.R. 66, 67 (Bankr.N.D.Ga. 1982). Therefore, because Debtor has no equity in the secured property and because no reorganization is possible in a Chapter 7 case, the Motion must be granted under 11 U.S.C. § 362(d)(2).

## **O R D E R**

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Motion of Peoples bank IS GRANTED with regard to all the collateral described in the Motion.

IT IS FURTHER ORDERED that relief is granted with respect to the antique vehicles without the preconditions established by my previous Order.

---

obligation from recourse to nonrecourse with no downside risk for failing to maintain or insure the lender's collateral." Taylor v. Age Fed. Credit Union (In re Taylor), 3 F.3d 1512, 1516 (11th Cir. 1993).

IT IS FURTHER ORDERED that Movant file with the Court and serve on Debtor and Debtor's counsel copies of all photographs or condition reports or other descriptions of the antique vehicles obtained after the entry of my previous Order, or created or obtained following the entry of this Order and prior to disposition.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 13th day of March, 2009.